MARRERO<br>v.<br>NUNEZ.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## DALEY v. CUNNINGHAM.

A judgment cannot be attached by a seizure in the hands of the clerk of the court by which
　　it was rendered, who is merely a keeper of its records, having no legal possession of, or
　　control over, it.
Where an attachment has been levied. by seizing in the hands of a person alleged to be the
　　agent of a judgment debtor of defendant, the amount due to the defendant, plaintiff must
　　show the existence of the judgment attached, the absence of the judgment debtor, and
　　the agency of the person in whose hands the seizure was made, in order to establish legal
　　service of the attachment.

APPEAL from the First District Court of New Orleans, McHenry, J.
Hamner, for the plaintiff. Watts and Spring, for the appellant. The
judgment of the court was pronounced by

ROST, J. The defendant has appealed from a judgment rendered against
him in proceedings by attachment, and assigns, as an error apparent on the
face of the record, that no property was attached, and no legal service of the
attachment was made. It is admitted, that there was no personal service. The
return of the sheriff is in these words: "Seized, generally, in the hands of F.
Gilmore, clerk of the Fourth District Court of New Orleans, and particularly
the claim of defendant to the suit and judgment of Wm. Cunningham v.
J. Erwin, No. 791 of the docket of the Fourth District Court; and also same
day seized, generally, in the hands of W. M. Beale, attorney in fact of J. Er-
win, and particularly the said claim of Cunningham against the said Erwin."
Notices of this seizure were afterwards served on Gilmore and Beale.

It is manifest, that the judgment could not be attached in the hands of the
clerk, who is merely the keeper of the records, and has no legal possession of,
or control over, it. The attachment in the hands of Erwin's attorney in fact,
might, in certain cases, be valid; but in order to made it so, it was necessary to
have shown the existence of the judgment attached, the absence of Erwin, and
the mandate of Beale. Of these facts the record contains no evidence. We
are, therefore, of opinion, that the error assigned has been shown to exist; and
that the defendant was not legally before the court.

It is ordered, that the judgment be reversed, and that there be judgment of
non-suit against the plaintiff, and in favor defendant, with costs in both courts.